## APPEAL OF TISDALE LUMBER CO.

Docket No. 5529.    Promulgated December 8, 1926.

The Board is unable from the evidence submitted to determine the value of alleged good will acquired for stock in 1910.

*James Madison Blackwell, Esq.*, for the petitioner.
*John D. Foley, Esq.*, for the Commissioner.

This is an appeal from the determination of deficiencies in income and profits tax for the years 1918 and 1919 in the amounts of $5,217.54 and $6,679.18, respectively. Only so much of the defi-

ciencies as results from the Commissioner's action in disallowing good will, in the amount of $50,000, as invested capital is in controversy.

The petitioner, a New York corporation with its principal office at Astoria, Long Island, was organized in 1910, at which time it succeeded to the business which had been conducted by J. B. Tisdale, as a sole proprietorship, from about 1899, and since the date of its organization has been continuously engaged in the manufacture of sash, trim, and doors, and in the wholesale and retail coal and lumber business. Prior to 1899 the business had been owned and conducted by Tisdale's father for a period of more than thirty years.

By a bill of sale dated April 12, 1910, Tisdale sold and transferred all of the assets, including good will, of his business to the petitioner, for which the petitioner issued to Tisdale its common and preferred capital stock of a par value of $200,000 and $50,000, respectively, and agreed to assume the outstanding liabilities of the business, which Tisdale guaranteed not to exceed the sum of $165,000. The values of the several assets sold and transferred were not listed in the bill of sale.

The books of the sole proprietorship had been maintained according to the single-entry method of accounting. They were continued in use by the petitioner without change in the method of accounting, and without any record entry of the change in ownership of the assets and business. The books had not been closed from 1906 to 1916. At or about December 31, 1916, an audit of the books was made by a firm of accountants, a double entry system of bookkeeping was installed, and an attempt made to restate the accounts so as to reflect the acquisition of the assets and business by the petitioner and the results of operations from the date of organization to the date of audit.

The petitioner claimed as a part of its invested capital for the years under consideration an item of good will in the amount of $50,000, which the Commissioner disallowed.

OPINION.

LITTLETON: Lack of proper accounting records during the period of the sole proprietorship and thereafter, during the time of petitioner's ownership of the business, to December 31, 1916, has made it extremely difficult for the petitioner to prove its contention that it acquired good will of a value of $50,000 from the predecessor business, which it is entitled to include in its invested capital. As evidence of the earnings of the business and the investment in tan-

gible assets for a period prior to its acquisition of the business, the petitioner has found it necessary to rely upon periodic statements of the financial condition of the business furnished to the bank by Tisdale for the purpose of securing loans. But Tisdale's testimony discredits these statements to such an extent that we can not accept them as fairly reflecting the actual facts pertaining to the financial condition of his business.

Tisdale testified that he offered to sell the assets and business to the petitioner for a lump sum which included $50,000 for the good will. The value which he placed upon the good will, for the purpose of the sale, was not determined upon any definite basis, but was simply his opinion as to the value of the good will of a concern doing a yearly business of from $300,000 to $400,000.

The auditor who conducted the audit of the petitioner's books in 1916 testified as to the methods employed in making the audit, and as to the processes by which he determined the net worth of the business in 1910, when it was acquired by the petitioner, to be $209,953.67, as compared with $279,496.80, shown by Tisdale in a statement furnished to the bank, to have been the net worth at approximately the same date. It was apparently the purpose of the petitioner in placing this witness on the stand to establish by his testimony the approximate degree of accuracy in the financial statements furnished by Tisdale to the bank. The method employed by the auditor in determining the net worth, at the date petitioner acquired the assets and business, briefly stated, is as follows: The net worth at December 31, 1916, was determined by a balance sheet audit of all accounts other than plant and equipment. In the case of plant and equipment, the values thereof were determined by Tisdale as of the date of the audit, and these were accepted by the auditor. From the net worth at December 31, 1916, the auditor sought to eliminate all changes made in plant and equipment from date of acquisition and whatever profits may have been reflected in other accounts. That the results obtained by the auditor can not be accepted as a fair reflection of the facts is evident from his testimony. He had no very definite data to assist him in his work. In numerous instances he found it necessary to accept the date of patent, appearing on items of machinery and equipment, as indicative of the date such items were acquired by the petitioner. He admits that there were income items which he was unable to trace through the books, and for this reason he disregarded "a lot of sales that were not shown." He apparently made no effort to check the values placed by Tisdale on the plant and equipment as of December 31, 1916, but accepted them for the purposes of the audit. There were liability accounts appearing on the statement which Tisdale furnished to the

bank, and, notwithstanding his own audit indicated that these statements of Tisdale were inaccurate, the auditor accepted the liabilities shown thereon as correct because " a person will not overstate his liabilities in favor of someone else." An audit made under such circumstances has little weight as evidence of values. We can not from the evidence before us find that the petitioner acquired good will of value which it may include as invested capital.

*Judgment will be entered for the Commissioner.*